1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7
8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11

BRENDA ARMSTRONG, et al.,

               Plaintiffs,                              No. C 13-03113 WHA

12

     v.

13
14

MCKESSON CORPORATION, a                    **ORDER GRANTING MOTION**
California corporation, SMITHKLINE         **TO REMAND AND DENYING**
BEECHAM CORPORATION d/b/a/                 **MOTION TO STAY AND**
GLAXOSMITHKLINE LLC, a                     **VACATING HEARING**

15
16

corporation, and DOES 1–100, inclusive,

               Defendants.

17

_____/

18
19
20
21

     In this pharmaceutical products-liability action, plaintiffs move to remand to state court

for lack of federal jurisdiction while defendants move to stay all proceedings pending potential

transfer to an MDL.  For the reasons stated below, plaintiffs' motion to remand is **GRANTED**

and defendants' motion to stay is **DENIED**.  The hearing on September 12, 2013, is **VACATED**.

22
23
24
25
26
27
28

     Plaintiffs filed a complaint in the Superior Court of the State of California for the County

of San Francisco in June 2013 for alleged injuries from the use of Avandia, a prescription

pharmaceutical used to treat type-2 diabetes.  Among other defendants, plaintiffs filed suit

against McKesson Corporation, a California-based pharmaceutical distributor.  Defendant

GlaxoSmithKline LLC removed the action to federal court on fraudulent joinder grounds and

moved to stay this action pending transfer to the Avandia MDL in the United States District

**United States District Court**
For the Northern District of California

Court for the Eastern District of Pennsylvania.  Plaintiffs then filed a motion to remand, arguing that this Court should first consider the merits of its motion before entertaining any stay of these proceedings.

Our court of appeals has not yet addressed whether courts must first decide the merits of a motion to remand before determining whether to stay the proceedings.  Generally speaking, a stay is warranted if this would serve judicial economy.  *See, e.g.*, *In re Iphone Application Litig.*, No. 10-5878, 2011 WL 2149102, at *2 (N.D. Cal. May 31, 2011) (Judge Lucy Koh). In similar actions involving Avandia, courts in this district have granted a stay.  Those courts found that doing so would promote judicial economy because the MDL judge has addressed issues of "fraudulent joinder, fraudulent misjoinder of plaintiffs, the forum defendant rule, and questions relating to removal by defendants who have not yet been served."  *See, e.g.*, *Poff v. McKesson*, No. 13-3115, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013) (Judge Jeffrey White); *see also Flores v. McKesson*, No. 13-3153 (N.D. Cal. Aug. 2, 2013) (Judge Jon Tigar); *Alvarez v. McKesson*, No. 13-3112 (N.D. Cal. July 24, 2013) (Judge Thelton Henderson). Given, however, the circumstances of the instant action, namely that the MDL has already remanded similar actions because it found that McKesson had not been fraudulently joined, this order finds differently.

The question of whether a motion to stay, pending transfer to an MDL, should be decided before a motion to remand occurs frequently.  It is best to rule in the way that most furthers judicial economy, unless this would unreasonably prejudice one of the parties.  Thus, when a jurisdictional issue has not yet arisen before the MDL, a motion to stay has been denied and the action remanded to state court because burdening the MDL with a new jurisdictional issue would not be in the interest of judicial economy.  *Marble v. Organon*, No. 12-2213, 2012 WL 2237271, at *3 (N.D. Cal. June 15, 2012).  Where, however, other cases pending before the MDL have raised the same jurisdictional issue, a stay was granted because it would be in the interest of judicial economy to have all these issues decided together.  *See, e.g.*, *Addison v. Bristol-Meyers Squibb Co.*, No. 13-2166, 2013 WL 3187859, at *1 (N.D. Cal. June 21, 2013).

Here, the MDL *has already ruled* on the jurisdictional issue at stake.  Defendant GSK removed the action to federal court on July 3, 2013.  Plaintiffs' supplemental briefing shows, however, that no defendant had been served on that date.  The MDL found that "when no defendant has been served, but a forum defendant has been named, the citizenship of the forum defendant may not be ignored for purposes of Section 1441(b)" and removal is proper. *In re Avandia*, 624 F. Supp. 2d 396, 411 (E.D. Pa. 2009) (Judge Cynthia Rufe).  Under these circumstances, judicial economy would not be served by a transfer to the MDL only to have the MDL court remand the action back to state court.

GSK concedes that it had not been served with the complaint when it removed the case and that upon its information and belief, McKesson had also not been served (Dkt. No. 1 at 5).  MDL Judge Cynthia Rufe has already found that in this specific fact pattern, a remand is proper: "[b]ecause removal occurred before any Defendant was served, the Court will . . . remand the action." *In re Avandia*, 624 F. Supp. 2d at 422.

This order is not persuaded by GSK's contention that it would suffer prejudice if a stay is denied when it removed the action from state court despite the MDL's ruling that such removal is improper.  To the contrary, it would cause undue prejudice to plaintiffs to be forced to file and argue motions to remand in two different courts before being sent back to square one — state court, where this action belongs.

This order is likewise unpersuaded by GSK's argument that claims against McKesson are preempted by the Supreme Court's decision in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011).  A preemption defense goes to the merits of a plaintiff's case and cannot overcome the strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1045 (9th Cir. 2009).  GSK also argues that this action is nonetheless removable under Section 1332.  Not so.  The MDL has decided that in actions like this one, McKesson was *not* fraudulently joined.  Diversity as required by Section 1332(2)(a) is therefore lacking.  The action is also not removable under CAFA, because removal of a mass action under CAFA requires that the action involves at least 100 plaintiffs.  28 U.S.C. 1332(d)(11)(B)(I).  That requirement is not met in the present action.

United States District Court
For the Northern District of California

3

GSK will not be granted a stay since the MDL has already made clear this action should be remanded.  GSK's motion to stay is therefore **DENIED** and plaintiffs' motion to remand is **GRANTED**.  The September 12 hearing is **VACATED**.  The Clerk shall **REMAND** the action to the Superior Court for the County of San Francisco.

**IT IS SO ORDERED.**

Dated:  August 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4